**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roxanne B McQueen, | No. CV-22-01018-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| MetLife Auto & Home, et al., | |
| Defendants. | |

Before the Court is Defendant Farmers Insurance Group's motion to dismiss (Doc. 21) and Plaintiff Roxanne McQueen's related motion for leave to amend (Doc. 41). Both are fully briefed.[1] For the following reasons, Farmers Insurance Group's motion is granted, and Plaintiff's motion is denied without prejudice.

## I.    Background

This case arises from an insurance claim following a car accident involving Plaintiff, her minor daughter, and an underinsured motorist. (*See* Doc. 20.) On April 25, 2021, Plaintiff was driving her car with her daughter as a passenger when an underinsured motorist t-boned her vehicle, seriously injuring Plaintiff and her daughter. (*Id.* ¶¶ 16–18.) The underinsured motorist's insurance carrier, GEICO, paid Plaintiff its policy limit of $100,000. (*Id.* ¶ 25.) Plaintiff held an active automobile insurance policy with Defendant Metropolitan Group Property and Casualty Insurance Company ("MetLife"). (*Id.* ¶ 11.)

---

[1] Oral argument is denied because the motions are adequately briefed, and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

Plaintiff filed a claim with MetLife for Underinsured Motorist Coverage, claiming she was inadequately compensated by the underinsured motorist's policy payout. (*Id.* ¶¶ 27, 39.)

Plaintiff claims that, as of April 7, 2021, Farmers Insurance Group acquired MetLife's home and auto policies, including her own, and assumed responsibility for those policies. (*Id.* ¶¶ 28–32.) Accordingly, it was a Farmers Insurance Group adjuster, rather than a MetLife adjuster, who allegedly adjusted and ultimately denied Plaintiff's claim for Underinsured Motorist Coverage. (*Id.* ¶¶ 33–34, 43.) Plaintiff alleges that Defendants "failed to properly evaluate and investigate Plaintiff's . . . damages from th[e] collision." (*Id.* ¶ 38.) If Defendants had done so, Plaintiff claims, they would have "fully compensate[d]" Plaintiff for her damages. (*Id.* ¶ 40.)

Following the claim denial and unsuccessful settlement negotiation, Plaintiff filed this action against Defendants in state court. Defendants removed the action on diversity jurisdiction, bringing the matter before this Court. Plaintiff asserts breach of contract and bad faith claims. (*Id.* ¶¶ 50–71.) Farmers Insurance Group has moved to dismiss the claims against it, arguing it is merely a federally registered service mark and thus a non-jural entity. (Doc. 21.) Even if it could be subject to suit, Farmers Insurance Group asserts that Plaintiff failed to state a claim against any Farmers entity because she contracted with— and could only recover damages from—MetLife, not Farmers. (*Id.* at 4–5.)

Plaintiff subsequently filed a motion requesting leave to amend.[2] (Doc. 41.) The parties agree that amending the complaint to remove Plaintiff's minor child as a plaintiff

---

[2] Paragraph 3 of the Court's standard order issue on June 14, 2022 requires a party who responds to a motion to dismiss with a request, in the alternative, for leave to amend to "submit, no later than the time Plaintiff files a response to the motion, a proposed amended complaint that complies with LRCiv. 15.1(a) and contains all further allegations Plaintiff could make. In the event a motion to dismiss . . . is granted in any part, no leave to amend the complaint will be granted beyond what is offered in the proposed amended complaint." The purpose of this order is to streamline the process and to ensure that drive-by, one-sentence requests for leave to amend added to the conclusion of a response in opposition to a motion to dismiss comport with LRCiv. 15.1(a). Here, Plaintiff included such a drive-by request in the last sentence of her response in opposition to Farmers Insurance Group's motion to dismiss (Doc. 28 at 11) but did not comply with the Court's order by submitting a proposed amended pleading at that time. Instead, Plaintiff waited a month after the close of briefing on the motion to dismiss to file her motion for leave to amend and the accompanying proposed amended pleading. The Court reminds all parties to review the Court's order and to take care to comply in the future.

is appropriate. (Doc. 46 at 8.) The disagreement stems from Plaintiff's proposal to remove Farmers Insurance Group as a defendant and instead assert her breach of contract claim against Farmers Group Property and Casualty Insurance Company (aka Metropolitan Group Property and Casualty Insurance Company) ("Farmers P & C") and her breach of contract and bad faith claims against Farmers Insurance Exchange ("FIE"). (Doc. 43; Doc. 41-1.)

## II.     Motion to Dismiss

Dismissal of a complaint is appropriate when a plaintiff fails to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for breach of contract, "the Plaintiff must plead facts alleging (1) a contract exists between the plaintiff and defendant; (2) the defendant breached the contract; and (3) the breach resulted in damage to the plaintiff." *Hannibal-Fisher v. Grand Canyon University*, 523 F. Supp. 3d 1087, 1093 (D. Ariz. 2021) (quotation and citation omitted). Farmers Insurance Group contends, and Plaintiff does not dispute, that it is a federally registered service mark owned by Farmers Insurance Exchange, an inter-insurance exchange. (Doc. 3 at 3.) A service mark essentially is a trademark for services. *Service Mark*, *Black's Law Dictionary* (11th ed. 2019). It is not a jural entity. Because a service mark lacks the capacity to contract, to sue, and to be sued, Plaintiff has not stated a plausible claim against Farmers Insurance Group. The motion to dismiss therefore is granted.

## III.    Motion for Leave to Amend

Leave to amend should be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to amend, the Court considers several factors, including: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allens v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). "Leave to amend may be denied

if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

Plaintiff has amended her complaint once previously. (*See* Doc. 20.) Still, the Court finds no evidence of bad faith, undue delay, or prejudice. Because the defect in Plaintiff's operative complaint is merely a misnomer (the naming of a service mark rather than a jural Farmers entity), leave to amend would typically be granted. *See Simon v. Maricopa Med. Ctr.*, 234 P.3d 623, 628–29 (Ariz. Ct. App. 2010). Farmers Insurance Group argues, however, the proposed amendment is futile because no Farmers entity may properly be sued here. It therefore is necessary for the Court to understand the nature of the Farmers entities Plaintiff wishes to sue, and their relationship to her insurance contract.

Unfortunately, Plaintiff confuses the entities and leaves the Court unable to make these determinations. In her motion and proposed amended pleading, Plaintiff claims that Farmers P & C is a proper defendant because MetLife changed its name to Farmers P & C. (Doc. 41 at 1; Doc 41-1 at ¶¶ 3, 8.) In the same breath, however, Plaintiff asserts that Farmers P & C acquired MetLife. (Doc. 41-1 at ¶ 8.) At other points, she suggests that MetLife still exists and remains a separate entity. (*Id.* ¶ 39; Doc. 41 at 4.) Additionally, in her motion, Plaintiff characterizes FIE as a subsidiary of Farmers P & C (Doc. 41 at 4), but her proposed amended pleading states that Farmers P & C is a wholly owned subsidiary of a (presumably distinct) entity called Farmers Property and Casualty Insurance Company, which is itself a direct, wholly owned subsidiary of FIE. (Doc 41-1 at ¶ 2.) It consequently is unclear which corporate veil Plaintiff is attempting to pierce.

Given these discrepancies and internal contradictions, the Court cannot adequately discern exactly what entities Plaintiff is suing and how she claims they are related to her insurance contract. The Court therefore will deny Plaintiff's motion for leave to amend without prejudice to her submitting a new motion and proposed amended pleading that corrects these discrepancies and internal contradictions so that the Court may properly evaluate whether she is suing a Farmers entity with a sufficient connection to her insurance contract.

1    **IT IS ORDERED** that Farmers Insurance Group's motion to dismiss (Doc. 21) is

2  **GRANTED**. Farmers Insurance Group is dismissed from this action.

3    **IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend (Doc. 41)

4  is **DENIED** without prejudice to Plaintiff renewing her motion in a manner that addresses

5  the discrepancies identified in this order.

6    Dated this 14th day of March, 2023.

7

8

9

10  _____

11  Douglas L. Rayes
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28